UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALONZO FELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11 C 47 |
| | ) Judge Joan Humphrey Lefkow |
| E. TROOPER ADAMS, Illinois State Trooper | ) |
| #6117, ILLINOIS OFFICE OF EXECUTIVE | ) |
| INSPECTOR GENERAL, and WILL COUNTY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Alonzo Fells filed a complaint against defendants Illinois State Trooper E. Adams, the Illinois Office of Executive Inspector General (OEIG) and Will County alleging that Trooper Adams violated his constitutional rights during a traffic stop on the Stevenson Expressway in Will County, Illinois. Trooper Adams and the OEIG have moved to dismiss, arguing that Mr. Fells has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth herein, their motion (Dkt. #30) will be granted.

### BACKGROUND[1]

On February 22, 2010, Mr. Fells was driving a friend's vehicle on Interstate 55 in Will County. Mr. Fells was accompanied by his ten-year-old son. Mr. Fells alleges that in order to comply with traffic laws he had set the vehicle's cruise control at fifty miles per hour. According to Mr. Fells, Trooper Adams initiated a pretextual traffic stop despite the fact that he was travelling fifty miles per hour. Trooper Adams issued Mr. Fells warning citations for

---

[1] The court has jurisdiction over the complaint pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

driving at a rate below the posted minimum speed limit of forty-five miles per hour in violation of 625 ILCS 5/11-606 and for improper lane usage in violation of 625 ILCS 5/11-709.

During the stop, Trooper Adams discovered that Mr. Fells had been driving while his license was revoked and issued a citation for that offense. In order to avoid a prolonged wait on the shoulder of the expressway, Trooper Adams instructed Mr. Fells to drive to a nearby exit and wait for the owner of the vehicle to pick it up. While Mr. Fells was parked at a gas station near the exit, Trooper Adams asked to search the vehicle, explaining that if Mr. Fells refused Trooper Adams would handcuff him while they waited for the owner of the vehicle to arrive. Mr. Fells consented to the search, which uncovered no evidence of criminal behavior.

Mr. Fells pleaded not guilty to driving while his license was revoked. In criminal proceedings before the Circuit Court of Will County, he moved to quash his arrest and to suppress all evidence obtained in connection with the arrest. Mr. Fells argued that Trooper Adams lacked probable cause to stop him because he was not violating any law when Trooper Adams first stopped him. During a suppression hearing, Mr. Fells testified that he had set the vehicle's cruise control to fifty miles per hour and therefore could not have been traveling at a rate of forty-four miles per hour, as Trooper Adams had indicated on the warning citation. Trooper Adams testified, however, that his radar indicated Mr. Fells was traveling forty-four miles per hour and that he had calibrated his radar when he began his shift. During cross-examination, Mr. Fells questioned Trooper Adams's calibration technique. In addition, Mr. Fells questioned Trooper Adams concerning the cursory nature of the warning citation for improper lane usage, suggesting that Trooper Adams's testimony was merely a *post hoc* explanation for

the citation. After hearing all of the testimony, the state court denied Mr. Fells's motion to suppress.

The gravamen of Mr. Fells's complaint is that Trooper Adams stopped him only because he is African American. He implies that Trooper Adams must have stopped him because of his race because he was in fact traveling at fifty, not forty-four, miles per hour. In support of his claim, Mr. Fells again alleges that he used the vehicle's cruise control to set his speed and that Trooper Adams committed perjury during the state court suppression hearing. Although Mr. Fells does not raise any legal theory in support of his claims, the court construes Mr. Fells's allegations liberally and deems him to raise claims pursuant to 42 U.S.C. § 1983 based upon an alleged false arrest and an alleged unreasonable search and seizure in violation of the Fourth Amendment, made applicable to the states through the Fourteenth Amendment.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Scanlan* v. *Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012). In addition, attachments to the complaint become a part of the complaint for all purposes. Fed. R. Civ. P. 10(c); *Gonzalez* v. *Feinerman*, 663 F.3d 311, 312-13 (7th Cir. 2011). To survive a 12(b)(6) motion, a complaint must provide a defendant with fair notice of a claim's basis and plead sufficient facts to raise the right to relief above the speculative level. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

**ANALYSIS**

Initially, the court grants the OEIG's motion to dismiss. Mr. Fells's amended complaint fails to state any facts or allegations regarding any act taken by the OEIG. Moreover, the OEIG is entitled Eleventh Amendment immunity as an arm of the state. Under the Eleventh Amendment, "a state may claim immunity from suit in federal court and must be dismissed from the litigation unless there exists one of two well-established exceptions," which are not applicable here.[2] *Kroll* v. *Bd. of Trs. of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991). It is well settled law that "[s]tate agencies are treated the same as states" for purposes of sovereign immunity. *Id.*; *see Benjamin* v. *Ill. Dep't of Fin. & Prof'l Reg.*, 837 F. Supp. 2d 840, 852 (N.D. Ill. 2011) ("A state agency . . . is treated the same as the state where, as here, money damages are sought."). Accordingly, Mr. Fells's claim against the OEIG must be dismissed. *See, e.g., Butler* v. *Ill. Dep't of Trans.*, 533 F. Supp. 2d 821, 826 (N.D. Ill. 2008) (dismissing a § 1983 claim against a state agency); *accord Robbins Resource Recovery Partners, L.P.* v. *Edgar*, 947 F. Supp. 1205, 1208 (N.D. Ill. 1996).[3]

---

[2]  "First, a state may by unequivocal language waive the protections of the eleventh amendment and thereby consent to suit in federal court. Second, Congress may by unequivocal language use its enforcement powers under the fourteenth amendment to abrogate the states' eleventh amendment immunity." *Kroll*, 934 F.2d at 907.

[3]  Mr. Fells also fails to make any allegations regarding Will County. Mr. Fells has not yet served Will County and it has not joined in this motion. Nonetheless, because Mr. Fells proceeds *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court must screen his complaint and may dismiss it before service on a defendant if it is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B); *Gay* v. *Chandra*, --- F.3d ---, ---, 2012 WL 1939916, at *4 (7th Cir. May 30, 2012). Because Mr. Fells fails to provide any notice of the basis of his claims against Will County, he has failed to state a claim against it. Accordingly, the court dismisses all claims against Will County.

**I.     False Arrest Claim**

The defendants argue that collateral estoppel bars Mr. Fells from arguing that Trooper Adams lacked probable cause and therefore Mr. Fells cannot state a claim that Trooper Adams falsely arrested him. To determine whether collateral estoppel bars a plaintiff's § 1983 claim, courts apply the state's rules of collateral estoppel. *Brown* v. *City of Chicago*, 599 F.3d 772, 774 (7th Cir. 2010). Under Illinois law, an issue litigated in a prior proceeding may not be relitigated if (1) the issue decided in the prior litigation is identical with the one presented in the suit in question; (2) there was a final judgment on the merits in the prior litigation; and (3) the party against whom estoppel was asserted was a party to or was in privity with a party to the prior litigation. *Herzog* v. *Lexington Twp.*, 657 N.E.2d 926, 929-30, 167 Ill. 2d 288, 212 Ill. Dec. 581 (Ill. 1995); *see also Talarico* v. *Dunlap*, 685 N.E.2d 325, 328-29, 177 Ill. 2d 185, 226 Ill. Dec. 222 (Ill. 1997) (observing that collateral estoppel bars relitigation in a civil case of an issue previously decided in criminal proceedings). All three requirements to collateral estoppel are present here.

First, Mr. Fells previously argued that Trooper Adams lacked probable cause to initiate a traffic stop during the suppression hearing in the state court. Mr. Fells attaches to his amended complaint the transcript of a suppression hearing held by the state court. During that hearing, Mr. Fells moved to quash his arrest and suppress all evidence resulting from it, arguing that the stop was illegal because Trooper Adams had not observed him violate any traffic laws and therefore lacked reasonable suspicion to initiate the stop. In support of his argument, Mr. Fells testified that he had set his cruise control to a speed in excess of the posted minimum and that he remained in his own lane. Further, Mr. Fells cross-examined Trooper Adams, attempting to

impeach Trooper Adams's testimony by illustrating the paucity of detail in Trooper Adams's report and citation. The allegations contained in Mr. Fells's amended complaint mirror his testimony during the suppression hearing. Among other things, he alleges that he set the cruise control to his vehicle at fifty miles per hour and that he did not commit a lane violation. In other words, not only does Mr. Fells attempt to relitigate the same issue --- that Trooper Adams lacked probable cause to initiate a traffic stop --- he raises the same arguments that he raised before the state court.

Second, the state court denied Mr. Fells's motion to quash and suppress, finding that Trooper Adams had probable cause to initiate the traffic stop. Mr. Fells had a full and fair opportunity to litigate the issue before the state court. He was represented by counsel, who both presented evidence on his behalf and challenged the evidence presented by the state. Subsequent to the state court's ruling, Mr. Fells pleaded guilty to driving without a license and received a 300 day sentence. Mr. Fells did not appeal the conviction or sentence or challenge the state court's ruling on his motion and his conviction is final. Finally, there is no question that Mr. Fells was a party to the state court case.

Mr. Fells argued before the state court that Trooper Adams lacked probable cause to initiate the stop and lost that argument. Collateral estoppel bars him from raising it again. The existence of probable cause serves as an absolute bar to a false arrest claim. *Sow* v. *Fortville Police Dep't*, 636 F.3d 293, 301-02 (7th Cir. 2011). Because the existence of probable cause serves as an absolute bar to a false arrest claim under § 1983 and collateral estoppel bars him from relitigating that issue, Mr. Fells's claim that Trooper Adams seized him without probable cause fails.

## II. Unreasonable Search Claim

Mr. Fells also claims that Trooper Adams conducted an unreasonable search of his vehicle. This claim also fails. First, Mr. Fells admits in his amended complaint that he consented to the search of the vehicle. Police officers may conduct warrantless searches of vehicles where a person voluntarily consents to the search. *United States* v. *Dean*, 550 F.3d 626, 630 (7th Cir. 2008) (collecting cases).

Mr. Fells argues that his consent was not freely given. Mr. Fells's theory is complicated and, more importantly, wrong. Mr. Fells argues that Trooper Adams gave him an illusory choice. Mr. Fells suggests that because he did not wish for his son to witness him in handcuffs he had no choice other than to allow Trooper Adams to search his vehicle. However, where a police officer gives a driver a choice between two alternatives, both of which are within the officer's power under the law, the fact that one of the choices is not appealing to the plaintiff does not make the choice illusory. *Davis* v. *Novy*, 433 F.3d 926, 930 (7th Cir. 2006) (holding that consent was not involuntary where plaintiff who lacked a license and insurance was given a choice between being taken into custody and consenting to a search).

Driving under a suspended or revoked license is an offense that justifies a custodial arrest at the scene. *People* v. *Moorman*, 859 N.E.2d 1105, 1118, 369 Ill. App. 3d 187, 307 Ill. Dec. 428 (Ill. App. Ct. 2006) (citing *United States* v. *Robinson*, 414 U.S. 218, 234-35, 94 S. Ct. 467, 38 L. Ed. 2d 427 (1973)); *see also Atwater* v. *City of Lago Vista*, 532 U.S. 318, 354, 121 S. Ct. 1536, 149 L. Ed. 2d 549 (2001) (holding that police officer may effect arrest for offense punishable only by fine). More importantly, it is reasonable for an officer to ensure, by making a custodial arrest, that an unlicensed driver does not continue to drive after an initial traffic stop.

*United States* v. *Jackson*, 377 F.3d 715, 718 (7th Cir. 2004). When an officer makes a lawful custodial arrest of the occupant of a vehicle, he may contemporaneously search the person and the passenger compartment of that vehicle where the person is within reach of the passenger compartment at the time of the search or it is reasonable to believe that the vehicle contains evidence of the offense of the arrest. *Arizona* v. *Gant*, 556 U.S. 332, 351, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009).

As noted earlier, Trooper Adams had probable cause to stop Mr. Fells for violating Illinois traffic laws. Once Trooper Adams discovered that Mr. Fells was driving without a license, he had the authority to take Mr. Fells into custody. Although Trooper Adams chose not to take Mr. Fells to the police station, Trooper Adams nonetheless had to ensure that Mr. Fells did not get in the vehicle and drive away, requiring him to remain at the scene with Mr. Fells until a licensed driver arrived. In other words, Trooper Adams arrested Mr. Fells, albeit temporarily, while they waited for a licensed driver to remove the vehicle. Trooper Adams's decision to detain Mr. Fells was one within his authority.

Finally, while Trooper Adams and Mr. Fells waited, Mr. Fells was unrestrained and within reach of the passenger compartment of the vehicle. It therefore was reasonable for Trooper Adams to ensure that the vehicle contained nothing that would pose a threat to his safety while he and Mr. Fells waited. The traffic stop justified Trooper Adams's arrest of Mr. Fells and that arrest provided Trooper Adams the authority to search Mr. Fells's vehicle so long as Mr. Fells had unrestricted access to it. Consequently, Trooper Adams did not offer Mr. Fells an illusory choice when he allowed Mr. Fells to choose between temporary restraint in the form of

8

handcuffs and a search of the vehicle. Because Mr. Fells consented to the search of his vehicle, any claim based upon an unreasonable search therefore fails.

## CONCLUSION AND ORDER

For the foregoing reasons, the court GRANTS defendants Trooper E. Adams and the Illinois Office of Executive Inspector General's motion to dismiss (Dkt. #30) and dismisses the claims against defendant Will County pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS SO ORDERED.

ENTER:

Dated: July 11, 2012

_____
JOAN HUMPHREY LEFKOW
United States District Judge